**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**J. KRISTI ERVIN**,

*Plaintiff*,

v. Case No. 2:25-cv-02863-BCL-atc

**DAVID P. STEINER, POSTMASTER GENERAL FOR THE UNITED STATES POSTAL SERVICE,**

*Defendant*.

---

**ORDER GRANTING IN PART AND DNYING IN PART
DEFENDANT'S MOTION TO DISMISS**

---

Before the Court is Defendant David P. Steiner's Motion to Dismiss For Failure to Serve and to Dismiss All But One of Plaintiff's Claims for Lack Of Subject Matter Jurisdiction and Failure to State a Claim. Doc. 11. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** this Motion.

## BACKGROUND

Plaintiff, a mail carrier for the United States Postal Service (USPS), filed this lawsuit on September 10, 2025.[1] *Id.* at 1. While Plaintiff asserts a variety of claims, the gist is that, following an on-the-job accident, Defendant failed to accommodate her disability, leading to a loss of routes and opportunities to work. *Id.* at 14. Defendant David P. Steiner, the Postmaster General, has moved to dismiss all but one of Plaintiff's claim, on a variety of grounds. Doc. 11. The only claim

---

[1] The case was originally assigned to Judge Mark S. Norris. Doc. 2. Judge Norris transferred the case to the undersigned at the end of March 2026. Doc. 19.

not at issue here is Plaintiff's Title VII retaliation claim alleging that USPS failed to properly input her time and pay her after December 14, 2024. Doc. 11 at 2. The Court will identify and address Plaintiff's remaining claims, and Defendant's arguments relating to them, below.

**ANALYSIS**

Through the course of the briefing, the issues presented by the Motion have narrowed. For example, Defendant opens its legal discussion with an argument that he has not been served, but that argument is now moot because Plaintiff served the Attorney General by certified mail. Doc. 18 at 1. And Plaintiff has now formally withdrawn her claims under 42 U.S.C. § 1981 (Counts III and IV), the Americans with Disabilities Act (Count V), and the Rehabilitation Act (no Count clearly devoted to this claim), as well as all requests for punitive damages. Doc. 17 at 2. Moreover, Plaintiff has failed to respond in opposition to Defendant's arguments that her Title VII claims are time-barred to the extent they relate to events occurring before December 14, 2024 (Doc. 11 at 14-16); Plaintiff therefore has forfeited any counterarguments, and her remaining claims survive only to the extent they are based on events occurring after December 14, 2024. *Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013).

All of that leaves two claims (to the extent that they relate to events after December 14, 2024): a Title VII claim of race discrimination (Count I) and a Title VII claim alleging "violation of the anti-retaliation provisions of Title VII, including, but not limited to, retaliatory harassment" (Count II). Doc. 1 at 11-13. Defendant argues that Plaintiff's claims for racial discrimination and retaliatory harassment should be dismissed because Plaintiff failed to exhaust her administrative remedies by failing to present it through the equal employment opportunity process. Doc. 11 at 12-13. To exhaust her administrative remedies, a plaintiff must: (1) make pre-complaint contact

with the EEO counselor within 45 days of the alleged discriminatory conduct,[2] (2) file an individual complaint of discrimination with the agency; and (3) receive a final agency decision. 29 C.F.R. §§ 1614.105(a)(1), 1614.106(a), 1614.110(a).

Defendant first argues that Plaintiff failed to administratively exhaust because she did not raise with the EEO counselor claims of race discrimination, as opposed to her alleged disability discrimination, and retaliatory harassment, as opposed to retaliation. Doc. 11 at 13. Looking first to the claim of race discrimination, Plaintiff does not dispute that she did not check the box for race discrimination on the form submitted to the EO Counselor (Doc. 11-1)—the form mentions only retaliation based on disability—but she states that her race discrimination claim was "recognized by the EEO" (Doc. 17 at 4), gesturing broadly at the Partial Acceptance/Partial Dismissal of Formal EEO Complaint (Doc. 11-4) and Final Agency Decision (Doc. 11-5). And, true enough, the Partial Acceptance/Partial Denial and Final Agency Decision both address (and reject) a claim of race discrimination on its merits. At least as an initial impression, it would be strange to conclude that a plaintiff had, by defaulting at the first stage of the administrative process, failed to exhaust her administrative remedies *even if the final administrative decisionmaker*—the one in control with the ultimate exhaustion—*did address the claim on its merits (without an independent holding that the claim was defaulted earlier in the administrative process)*.[3] Defendant has asserted as much, but has not presented any argument (much less one supported by authority) as to why that should be the case. The Court therefore will not dismiss on this basis at this time, although Defendant may re-raise the issue with supporting argument at a later procedural juncture.

---

[2] The regulations define "discrimination" to include "[c]omplaints alleging retaliation prohibited by" the covered statutes, including Title VII. 29 C.F.R. § 1614.103(a).

[3] If the last administrative stop thought a plaintiff did good enough, why should a court conclude otherwise?

With respect to the claim of "retaliatory harassment," Defendant claims Plaintiff failed to exhaust the claim because at the EEO Complaint stage, USPS dismissed the claim and thus did not "accept" that "issue," with the result that Plaintiff received no final administrative decision. Doc. 18 at 2-3. Similar to its argument concerning the discrimination claim, Defendant presents no argument concerning why dismissal of a claim by an administrative agency should count as a failure to exhaust, as opposed to an exhaustion that failed. Perhaps some sorts of administrative dismissals—e.g., based on a time limit, or failure to follow procedures—amount to an effective failure to fairly present a claim to the agency, and perhaps Plaintiff's failure here should fall into that category. But so far Defendant has offered only assertions, without directly addressing the issue. The Court therefore will not dismiss the retaliatory harassment claim at this time, leaving the door open for Defendant to present the issue with supporting argument and authority at the dispositive motion stage.

## CONCLUSION

Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** with respect to the following claims:

- The claims under 42 U.S.C. § 1981 (Counts III and IV);
- The claim under the Americans with Disabilities Act (Count V);
- Any claim under the Rehabilitation Act;
- All requests for punitive damages;
- Any remaining claims to the extent that they are based on events occurring before December 14, 2024.

Those claims (and parts of claims) are **DISMISSED**. The Motion is otherwise **DENIED**.

**IT IS SO ORDERED**, this 30th day of September, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE